IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


CHRISTOPHER L. YOUNG,

                Petitioner,

      v.                              CASE NO. 12-3061-RDR

ERIC BELCHER, COMMANDANT,
USDB-Fort Leavenworth,

                Respondent.


**MEMORANDUM AND ORDER**


    This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner, a former active duty member of the United States Army, claims he was denied due process during court-martial proceedings and that his counsel provided ineffective assistance during those proceedings.

    Two motions are pending before the court, namely, petitioner's motion for the appointment of counsel (Doc. 9), and his motion to attach additional materials (Doc. 14).

    The court has examined the additional materials, which are medical records, and grants the motion to include them in the record. However, because the court concludes, for the reasons that follow, that relief in this matter must be denied, the motion for the appointment of counsel is denied.

**Background**

    Petitioner was convicted of one specification of maiming in violation of Article 124 of the Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 924. He was sentenced to a term of 20 years in

confinement, reduction to the lowest grade, forfeitures of all pay and allowances, and a dishonorable discharge. He unsuccessfully pursued appeals in the ACCA and CAAF, and he presented the claims he asserts in the present petition before those courts.

Petitioner received a sanity board before the court-martial proceedings. On May 13, 2009, Lieutenant Colonel Parsley, the clinical psychologist who conducted that board, prepared a memorandum of his findings, including diagnoses of chronic post-traumatic stress disorder (PTSD) and post-concussive syndrome. The report also states that at the time of the criminal conduct, petitioner had a severe mental disease or defect and was unable to understand the nature and wrongfulness of his actions. LTC Parsley found that petitioner was able to consult with his counsel and had an understanding of the proceedings against him. He also stated his opinion that petitioner had "sufficient mental capacity to understand the nature of the proceedings against him and to cooperate intelligently in his defense." (Doc. 11, p. 5.)

At the court-martial proceedings, the military judge instructed the panel members on sanity before admitting expert testimony. LTC Parsley testified for the defense, and a clinical psychiatrist testified for the prosecution. The parties, the panel members, and the military judge had the opportunity to question these witnesses. At the close of the evidence, and before deliberations began, the military judge gave the panel members additional instruction on mental health. The general court-martial convicted petitioner of maiming on July 10, 2009.

On January 22, 2010, petitioner submitted a Petition for New Trial to the Army Judge Advocate General. He sought relief on the

grounds that the government's expert witness had violated his right to competent psychiatric assistance and that defense counsel provided ineffective assistance by failing to see that he received additional neuropsychological testing as recommended by LTC Parsley. (Doc. 7, Attach., Tab 16, AR 000108-000111.)

The Judge Advocate General referred the petition for new trial to the ACCA, before which petitioner's appeal was pending. The ACCA ordered appellate defense counsel to review the petition, consult with petitioner, and determine whether the petition for new trial could be addressed during appellate review.

On May 12, 2010, appellate defense counsel filed a motion seeking an appellate sanity board for petitioner. The motion noted the conflicting expert opinions concerning petitioner's mental state and questioned the adequacy of the earlier sanity board due to the failure to provide petitioner with any neuropsychological testing. (*Id.*, Tab. 14, AR 000094-000105.)

Opposing counsel responded on May 19, 2010, and argued that petitioner had been evaluated and found competent by a sanity board, that trial defense counsel did not request a competency hearing, that the panel was instructed on the defense of lack of mental responsibility, that evidence was presented at trial on that defense, and that the prosecution had presented rebuttal through the testimony of a clinical psychiatrist. (*Id.*, Tab 13, AR 000089-000093.)

On July 9, 2010, appellate defense counsel advised the ACCA that petitioner did not object to the resolution of his petition for new trial in the course of appellate review. On October 22, 2010, appellate defense counsel submitted the matter upon its merits for review and included the petition for new trial as well as specific assignments

of error.

Petitioner also submitted assignments of error to the ACCA pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), which allows a petitioner to personally present claims to the courts of military review even if counsel declines to raise them. The assignments of error identified by petitioner were (1) the military judge erred in failing to require that at least one member of the mental evaluation board be a clinical psychiatrist; (2) the military judge erred in failing to require neuropsychological testing during petitioner's mental evaluation board; (3) the military judge erred in failing to order neuropsychological testing as recommended by the clinical psychologist who conducted the mental evaluation board; (4) the failure of trial defense counsel to seek additional neuropsychological evaluation denied petitioner his right to the effective assistance of counsel; (5) the government's use of a civilian clinical psychiatrist, who did not examine petitioner, to rebut the findings concerning his mental health violated petitioner's right to due process and a fair trial; (6) petitioner was denied due process and a fair trial when the clinical psychiatrist essentially testified that the government-appointed clinical psychologist was not qualified to make the findings he made; (7) petitioner was denied due process and a fair trial when the government failed to provide one of the essential elements in the offense; and (8) the evidence was insufficient to establish the mens rea element needed to support the finding of guilty. (*Id.*, Tab 11, AR 000075-000077.)

On March 31, 2011, the ACCA upheld the findings of guilt and the sentence imposed and denied the petition for a new trial. The ACCA stated in its decision that it had considered the entire record,

including petitioner's submissions under *Grostefon*. (*Id.*, Tab 9, AR 000070.)

On May 26, 2011, appellate defense counsel petitioned the CAAF for a grant of review and submitted the matter on its merits for review and included both the ACCA decision and petitioner's claims submitted to the ACCA. (*Id.*, Tab 8, AR 000059-000064.)

On July 27, 2011, the CAAF ordered appellate defense counsel to submit a supplement on the issue concerning the failure of trial defense counsel to seek additional neuropsychological testing on petitioner to determine the extent of his PTSD and post-concussive syndrome. (Id., Tab 6, AR 000056.) Counsel filed the supplement on August 15, 2011, and argued both that trial defense counsel had an obligation to request the testing after he received the clinical psychologist's evaluation and that the obligation was clear in light of the testimony of the expert witnesses during the trial proceedings. Appellate defense counsel argued the failure to seek additional testing resulted in ineffective assistance under the standard established in *Strickland v. Washington*, 466 U.S. 668 (1984). (*Id.*, Tab 5, AR 000045-000055.)

In response, the government argued that the trial record did not establish that counsel was ineffective under the *Strickland* standard. It pointed out that trial defense counsel asserted the affirmative defense of lack of mental responsibility by introducing expert testimony and by obtaining the relevant instructions from the military judge. It argued that even if the additional testing had been obtained, there was no evidence of exactly what that testing would achieve or how it would have changed the result. It also argued that petitioner had not provided the CAAF with any facts or argument that had not been

considered by the ACCA and that the evidence was not sufficient to outweigh the presumption of competent representation. Finally, it pointed out that the determination of whether petitioner was mentally responsible for his actions at the time he committed the offense was ultimately a question of fact to be determined by the fact-finder. (*Id.*, Tab 4, AR 000024-000044.) The CAAF denied the petition for review on December 12, 2011. (*Id.*, Tab 3, AR000023.)

In June 2010, petitioner submitted a request to the Army Clemency and Parole Board (ACPB) seeking a reduction in his sentence and a return to active duty. In support, he argued that during his incarceration, he had received medication that had controlled his mental condition for over a year. He claimed he pled not guilty because he lacked knowledge and intent but had accepted full responsibility for his actions. The ACPB denied his request on September 28, 2010. (*Id.*, Tab 2, AR 000011.)

Petitioner filed a second request to the ACPB on November 10, 2011 (*Id.*, Tab 1, AR 000004-000010.) In this application, petitioner apologized, stated that he did not intend to harm the victim, and stated that his military service led to the injuries he caused. The ACPB denied his requests for clemency and restoration to duty on January 19, 2012. (*Id.*, AR000001.)

## Discussion

*Standard of review*

The federal courts may grant habeas corpus relief where an applicant is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

In habeas corpus review of decisions from military courts, however, the scope of review is particularly narrow. *See Burns v.*

*Wilson*, 346 U.S. 137 (1953). "[W]hen a military decision has dealt fully and fairly with an allegation raised in that application, it is not open to a federal civil court to grant the writ simply to re-evaluate the evidence." *Id*.

This review initially is limited to determining whether the applicant's claims were provided "full and fair consideration by the military courts." *Lips v. Commandant, United States Disciplinary Barracks*, 997 F.2d 808, 810 (10th Cir. 1993).

The Tenth Circuit has articulated a four-part standard for reviewing military convictions in habeas corpus:

> "To assess the fairness of the consideration, our review of a military conviction is appropriate only if the following four conditions are met: (1) the asserted error is of substantial constitutional dimension, (2) the issue is one of law rather than disputed fact, (3) no military considerations warrant a different treatment of constitutional claims, and (4) the military courts failed to give adequate consideration of the issues involved or failed to apply proper legal standards." *Thomas v. U.S. Disciplinary Barracks*, 625 F.3d 667, 670-71 (10th Cir. 2010)(citing *Dodson v. Zelez*, 917 F.2d 1250, 1252-53 (10th Cir. 1990)).

Of these factors, the Tenth Circuit has "consistently held full and fair consideration does not require a detailed opinion by the military court." *Id*. at 671. Rather, an issue is deemed to have been given full and fair consideration when it has been briefed and argued in the military court, even if that court resolved the matter summarily. *Id*.; *see also Roberts v. Callahan*, 321 F.3d 994, 996 (10th Cir. 2003).

*Military review of petitioner's claims*

Petitioner seeks relief on two grounds; first, that the military

courts denied him due process in upholding his conviction where the medical experts presented at trial differed in their assessment of his mental disease or defect, his ability to appreciate the wrongfulness of his conduct at the time of the offense, and when they did not direct additional mental evaluation; and second, that his trial defense counsel provided ineffective assistance when he failed to present sufficient justification for additional neuropsychological testing to determine the extent of petitioner's PTSD and post-concussive syndrome at the time of the offense.

The court has considered the record carefully and concludes the petitioner's claims were presented repeatedly to the military courts. The decisions of the military courts reflect that their determinations were based upon the entire record, and this court therefore must find that the military courts gave full and fair consideration to the claims. *See Thomas*, 625 F.3d at 671. Accordingly, the court finds that there is no basis to grant habeas corpus relief.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is dismissed and all relief is denied.

IT IS FURTHER ORDERED petitioner's motion to appoint counsel (Doc. 9) is denied.

IT IS FURTHER ORDERED petitioner's motion to attach additional materials (Doc. 14) is granted.

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED.**

DATED: This 27th day of March, 2013, at Topeka, Kansas.

                                            S/ Richard D. Rogers
                                            RICHARD D. ROGERS
                                            U.S. Senior District Judge